IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVID NECAISE** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:04CV126** |
| | § | |
| **GRAND CASINOS OF MISSISSIPPI,** | § | |
| **INC. - BILOXI** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [40] filed by Defendant Grand Casinos of Mississippi, Inc. - Biloxi (the "Grand"). David Necaise ("Necaise") has responded, and the Grand has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that there is no question of material fact for the jury on any of Plaintiff's claims. Defendant is therefore entitled to judgment as a matter of law in this employment discrimination case.

DISCUSSION

FACTS:

Necaise was employed by the Grand for more than seven years, beginning as an electrician in 1995 and rising to a management position as engineering shift supervisor. He took several months leave in 2001 to obtain psychiatric treatment, and thereafter returned to work in the facilities department. Following an ankle injury in June 2002, Necaise was transferred to a light duty position in the PBX department. He was terminated on October 17, 2002 for disobeying the instructions of his supervisor to stop soliciting documentation so that he could keep up with what was going on the facilities department.

<u>PLAINTIFF'S CLAIMS:</u>

Necaise contends that the Grand regarded him as unable to perform his work or any productive role at the Grand due to his mental and physical conditions - a claim under the Americans with Disabilities Act. He accuses the Grand of "transparently pretextual" disciplinary actions against him "to get rid of him." Necaise contends that his coworkers treated him poorly after he received psychiatric treatment, subjecting him to a hostile working environment. He further alleges that the Grand was guilty of negligent hiring and/or retention of his superiors. He has confessed judgment as to his claims of breach of employment contract, breach of duty of good faith and fair dealing and intentional infliction of emotional distress.

     *1.*     ***The Americans With Disabilities Act***

          A.     The Burden of Proof

To recover under the ADA, Necaise must prove that he was discriminated against on the basis of his disability. *McInnis v. Alamo Cmty. Coll. Dist.,* 207 F.3d 276, 282 (5th Cir. 2000). Neciase may present either direct evidence of disability discrimination or employ an indirect method of proof utilized in other types of employment discrimination cases. *See McInnis,* 207 F.3d at 282 (citing *Rhodes v. Guiberson Oil Tools,* 75 F.3d 989, 994 (5th Cir. 1996)); *see also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). In the absence of direct evidence of discrimination, Necaise can establish a *prima facie* case under the ADA by showing that:

    (1) he is disabled or is regarded as disabled;
    (2) he is qualified for the job;
    (3) he was subject to an adverse employment action on account of his disability; and
    (4) he was replaced by or treated less favorably than a non-disabled employee.

*See McInnis,* 207 F.3d at 279-80.

If Necaise succeeds in making this *prima facie* showing, a rebuttable presumption of discrimination arises, and the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *McInnis,* 207 F.3d at 280; *Daigle v. Liberty Life Ins. Co.,* 70 F.3d 394, 396 (5th Cir.1995) (citing *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254 (1981)). While the employer need not prove that its actions were motivated by the legitimate reason, it must produce some evidence in support of its proffered rationale. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507-10 (1993). The defendant's burden is merely one of production and not of persuasion. *See Burdine*, 450 U.S. at 257 -58. If the employer produces any evidence "which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action," then the employer has satisfied its burden of production. *Hicks,* 509 U.S. at 507.

If the employer meets its burden of production, the presumption is dissolved, and the burden shifts back to Necaise to demonstrate that the proffered reason is a pretext for discrimination - the defendant's alleged nondiscriminatory reason is false and the real reason for the adverse action is disability discrimination. *See McInnis,* 207 F.3d at 282. As with discrimination cases generally, Necaise at all times bears the ultimate burden of persuading the trier of fact that he has been the victim of illegal discrimination based on his disability. *Hicks,* 509 U.S. at 511. The ADA does not prohibit adverse action due to a consequence of a disability, such as being unable to report to work regularly or to perform essential job duties as a result of an injury or illness. *See Hypes on Behalf of Hypes v. First Commerce Corp.,* 134 F.3d 721, 726-27 (5th Cir. 1998). Thus, the ADA does not insulate an employee from adverse action taken by an employer because of misconduct in the workplace, even if his improper behavior is arguably

attributable to an impairment. *See Hamilton v. Southwestern Bell Tel. Co.,* 136 F.3d 1047, 1052 (5th Cir.1998). In short, an employee "can not hide behind the ADA and avoid accountability for his actions." *Hamilton v. Southwestern Bell Telephone Co.,* 136 F.3d 1047, 1052 (5th Cir. 1998).

        B.      Plaintiff's Evidence of Disability

Necaise does not present any direct evidence of discrimination. He must therefore establish a *prima facie* case under the ADA by showing first that he has a "disability." *McInnis,* 207 F.3d at 279-80. To bring any cause of action pursuant to the ADA, one must qualify as "disabled" under the meaning of the law. *See Gowesky v. Singing River Hospital Systems*, 321 F.3d 503, 508 (5th Cir. 2003). The ADA defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "The term 'disability' means, with respect to an individual - (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* § 12102(2)(A)-(C).

Necaise's claims in this case fall under prong "C," because he alleges that at the time of his termination he did not have a disability, but the Grand regarded him as disabled by his mental/emotional condition or ankle injury. Under this prong of an ADA disability, Necaise must produce sufficient summary judgment evidence to create an issue of fact that the Grand regarded him as having an impairment that substantially limited a major life activity, whether or not the impairment existed. 42 U.S.C. § 12102(2)(C). For an employer to regard an impairment as substantially limiting work, the employer must regard an individual as significantly restricted

in his ability to perform a class or broad range of jobs.

Necaise offers his testimony that after his ankle injury, his supervisor was hostile to the idea of Necaise using crutches at work, and wanted Necaise to get rid of them. (Def. Exh. "B," pg. 111). Necaise complied and continued to perform his work until he was transferred to the light-duty position in PBX, answering the phone. *Id*. at 114-15. While working in the PBX department, Necaise assisted his former workmates in the facilities department, who would call or visit in person. *Id.* at 125-28. Necaise also received facilities paperwork from a former workmate detailing work orders and call logs for the shift Necaise formerly managed. *Id.* at 128-29, 137-40. He was terminated shortly after receiving this paperwork. *Id.* at 132, 141. Necaise had been "verbally warned and coached while he was in a worker comp position in another department not to continue working or seeking information in his prior department." (Def. Exh. "C," pg. 23.)

From this testimony, the Court can glean no evidence supporting Plaintiff's assertion that the Grand regarded him as disabled. Plaintiff has shown evidence that the Grand regarded him as having an injury and accommodated his need for lighter duty work, but this is not evidence that the Grand regarded Necaise as having an impairment that substantially limited a major life activity. *See Oswalt v. Sara Lee Corp*., 889 F.Supp. 253, 258 (N.D.Miss. 1995) ("The ADA was not meant to cover every ailment or infirmity that renders an employee temporarily unable to perform the duties of his position."). Therefore, Necaise has failed to establish that he was a "qualified individual with a disability" under the ADA, and the Grand is entitled to summary judgment on his ADA claims as a matter of law.

C.   Plaintiff's Claims under the ADA

In the alternative, even if Necaise had established a *prima facie* case, he nevertheless fails to present evidence which creates a genuine issue of material fact as any of his ADA claims.

   *1.   Disability Discrimination*

The Grand has provided evidence that it had a legitimate, non-discriminatory reason for terminating Necaise's employment. Necaise acknowledges four verbal or written warnings from December 2001 until the final infraction resulting in his termination, although he disagrees with his employer's assessment of his wrongdoing in each instance. (Def. Exh. "B," pgs 74-76, 80, 84, 92, 98, 114). When the Grand determined that Necaise had again disregarded his supervisor's instructions, Necaise was terminated. (Def. Exh. "C," pg. 25). He has presented no evidence of any kind that the true reason he was terminated was because the Grand regarded him to be disabled in any way, whether by a mental or physical condition. Necaise has failed to show that there is a question of material fact for the jury as to his claim of discrimination under the ADA. The Grand is therefore entitled to judgment as a matter of law.

   *2.   Hostile Work Environment*

The Fifth Circuit recognizes a cause of action for disability-based workplace harassment under the ADA, modeling it after a similar claim under Title VII. *Gowesky v. Singing River Hosp. Systems,* 321 F.3d 503, 509 (5th Cir. 2003) (citing *Flowers v. Southern Regional Physician Services, Inc.*, 247 F.3d 229 (5th Cir. 2001). To succeed on this claim, Necaise must demonstrate (1) that he belongs to a protected group; (2) that he was subjected to unwelcome harassment; (3) that the harassment complained of was based on his disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the

Grand knew or should have known of the harassment and failed to take prompt, remedial action. *Id.*

The legal standard for workplace harassment is high. For workplace abuse to rise to the level of an actionable offense the "disability-based harassment must be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment." *Id.* "The Plaintiffs must subjectively perceive the harassment as sufficiently severe or pervasive and this subjective perception must be objectively reasonable." *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003), citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993). "In determining whether a working environment is hostile or abusive, all circumstances must be considered, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000), citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993).

Necaise testified about an incident in June 2001, when he felt like he was going to have a nervous breakdown and a member of management expressed hostility toward the prospect of his absence from work. (Def. Exh. "B," pg. 50-51). After Necaise returned from his leave of absence for psychiatric treatment, he saw an email from one employee to another asking "You think this will put him over the edge?", *id*. at 172, which Necaise interpreted as directed at him and his mental condition. He also testified that management moved meetings so that he would be required to attend on his day off, although he was informed that the meetings were moved because they "couldn't get the office, the normal meeting place." *Id.* at 60-62.

These and similar events complained about by Necaise are not sufficiently severe to meet

the high standard necessary to establish a fact issue on a claim for disability-based harassment. Accordingly, Necaise fails to raise a genuine issue of material fact on his harassment claim. The Grand is entitled to summary judgment on this claim as a matter of law.

### 2. *Negligent Hiring or Retention*

Necaise claims that the Grand was negligent when it hired and retained his supervisors. He does not make this claim about any specific supervisor, so the Court will presume his claim is that all of his supervisors were negligently hired and retained.

To prevail on a claim of negligent hiring, Necaise must demonstrate that 1) each complained of supervisor or manager had a propensity for the offending behavior; 2) the Grand knew or should have known of this propensity; and 3) the Grand, in disregard of the rights of those persons with whom the supervisor or manager could reasonably be expected to come into contact, hired [the supervisor or manager], either negligently or with callous disregard for the rights of such persons. *Patton v. Southern States Transportation*, 932 F. Supp. 795, 801 (S.D. Miss. 1996). A claim of negligent retention requires a showing that the Grand knew of the supervisors' propensity to commit the offending behavior. *See L.T. v. City of Jackson*, 145 F.Supp.2d 750, 761 (S.D. Miss. 2000).

Necaise has not attempted to demonstrate that any of the required elements exist in this case, and he does not point to any evidence in the record establishing the elements. As noted above, he has not even specified which supervisors he believes were negligently hired. Necaise's claim of negligent retention suffers from the same infirmities. The Grand is therefore entitled to judgment as a matter of law on this claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary

Judgment [40] filed by Defendant Grand Casinos of Mississippi, Inc. - Biloxi is **GRANTED**.

Plaintiff's claims against the Defendant are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 30th day of November, 2006.

                                                               *s/ Louis Guirola, Jr.*
                                                               LOUIS GUIROLA, JR.
                                                               UNITED STATES DISTRICT JUDGE